## JACOB APGAR'S ADMINISTRATORS v. PHILIP HILER.

1. A court of errors will upon motion amend the record sent up, in mere matters of form or clerical mistakes, but not in matters of substance.  But it will permit the court below to amend the record in matters of substance, and will, for that purpose, upon allegation of diminution, call upon the court below to certify as to the matters alleged, by *certiorari* for that purpose, with which the court below will send up the amended record.  This will be done even after argument.

2. But it is too late to move for an amendment by the court below, two terms after the return of the writ, when the cause has been set down for argument and the plaintiff in error has been in no laches.

---

This was an action of *assumpsit* against the administrators of Apgar, founded upon promises made by *the intestate* in his life time.   The administrators pleaded the general issue and payment.   The jury found for the plaintiff, the form of the verdict, as entered upon the record, being that the *defendants* did undertake and promise.   The judgment was *de bonis propriis*, and not *de bonis intestatoris*.   The judgment had been removed by writ of error from the circuit, directly into this court.   The cause was set down for hearing at the present term.

Upon the first day of the term, *Wurts* (with whom was *Dayton*,) moved to amend the record both as to the entry of the verdict and judgment.   He cited : *Exrs. of Middleton* v. *Quigley*, 7 *Hal.* 352 ; *Atkins* v. *Sawyer*, 1 *Pick.* 351 ;

*People* v. *McDonald*, 1 *Cowen* 189 ; *Herbert* v. *Hardenbergh*, 5 *Hal.* 222 ; *Rogers* v. *Phinney*, 1 *Green* 1 ; *Hall* v. *Snowhill*, 2 *Green* 9 ; *Short* v. *Coffin*, 5 *Burr.* 2730 ; 2 *Arch. Prac.* 242–3–4 ; *Cheetham* v. *Tillotston*, 4 *John. R.* 499 ; *Rew* v. *Barker*, 2 *Cowen* 408 ; *Green* v. *Rennel*, 1 *Term R.* 782 ; *Mason* v. *Fox*, *Cro. Jac.* 632 ; *Grenvile* v. *Smith*, *Cro. Jac.* 628.

*Ransom* and *Whitehead*, contra.

The opinion of the court was delivered by

THE CHIEF JUSTICE. The error in the record is not a mere misprision of the clerk, amendable by the statute of jeofails. If it were so, the amendment asked for would be unnecessary. The defect in the record, would not be ground for reversal. *Rev. Stat.* 986.

The error in the judgment is an error not of form merely, but of substance, and if not amended, fatal to the validity of the judgment. It prejudices the rights of the plaintiffs in error, and renders them liable in a manner and to an extent, to which by law they are not amenable ; *Rev. Stat.* 351, § 6 ; *Execrs. of Montgomery* v. *Reynolds*, 2 *Green* 283.

Nor is it a mere clerical error in the mode of making up the record which this court can, as a matter of course, amend. The amendment must be made by the court below, upon the record there remaining, and be from thence duly returned to this court. The motion is to amend as well the verdict, as the judgment. There is nothing in this court to amend by. The record remains in the court below. It is the practice after error brought, for the court below to amend the record in matters of substance, and to certify the record so amended to the court above ; *Petrie* v. *Hannay*, 3 *Term R.* 659 ; *Doe* v. *Perkins*, 3 *Term R.* 749 ; *Richardson* v. *Mellish*, 3 *Bing.* 334 ; *Herbert* v. *Hardenbergh*, 5 *Hal.* 222 ; *Middleton* v. *Quigley*, 7 *Hal.* 352 ; *Coxe* v. *Field*, 1 *Green* 217 ; *Rew* v. *Barker*, 2 *Cowen* 408.

The proper course is for the plaintiff to allege diminution of the record, and sue out a writ of *certiorari*, and for the

amendment to be made and returned by the court below, according to the truth of the case. This may be done even after argument, when the errors consist in the mere form of making up the record. This court, in a proper case, will allow the time necessary to complete the return.

The only question is, when and upon what terms this indulgence should be granted. The writ of error in this case was returned and filed at June T. 1853. The cause is now regularly set down for argument. When the assignment of errors is duly filed, the failure of the defendant to file a joinder in error authorises the errors to be taken as confessed, and the cause to be set down by the plaintiff to be argued *ex parte*. *Rule* 20.

Since the writ of error was returned to this court, two terms of the court below have intervened, at either of which application might have been made to amend the record. Under such circumstances, in a case where the plaintiff in error had been guilty of no laches, there would be serious objection to permitting the amendment to be made upon any terms, where the objection was not merely formal, and where the party has been subjected in vindication of his rights to the expense of setting down the cause for hearing, and preparing for argument. It would be unjust to the plaintiff in error, and would operate as an encouragement to gross negligence in practice. But in this case the difficulty is, to some extent, imputable to the laches of the plaintiff in error. Though the writ of error was returned at June term, the assignment of error was not filed until the first of December, six months nearly after the return of the writ. When the copy of the assignment was served does not appear. So far then as appears, certainly one and probably two terms of the court below passed, after the writ of error was sued out, before the defendant in error was apprized of the error in the record, or even after the fact that a writ of error had been brought. He applies now at the first opportunity for relief.

Opportunity therefore should be afforded to amend—but it must be upon terms. In case the plaintiff elect, upon the

amendment being made, to abandon the writ of error, he should be permitted to do so—and the costs in error should be paid by the defendant.

Time is accordingly allowed to the defendant in error, until the next term, to have the record amended in the court below, and verified to this court, upon the payment by him to the plaintiffs of his costs in error, provided the plaintiffs elect, upon the amendment being made, to abandon the further prosecution of the writ of error. The election to be made, and notice thereof given to the defendant in error, within twenty days after notice of the amendment.

If the parties consent to argue the cause upon the other errors assigned, to avoid delay, the court will hear the argument at the present term, leaving the record in the particulars now sought to be amended, open for future amendment.

The court unanimously concurred.

CITED *in D., L. & W. R. R. Co.* v. *Toffey,* 9 *Vr.* 526.